T.C. Summary Opinion 2008-1


UNITED STATES TAX COURT


SHAWN TIMOTHY HYNES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3897-06S.                    Filed January 2, 2008.


Shawn Timothy Hynes, pro se.

<u>Karen A. Rennie</u> and <u>Paul Darcy</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $6,564 deficiency in petitioner's 2003 Federal income tax and an accuracy-related penalty of $662 pursuant to section 6662(a).

After concessions,[1] the issues for decision are: (1) Whether petitioner is liable for the 10-percent additional tax under section 72(t) for an early withdrawal from a qualified pension plan, and (2) whether petitioner is liable for an accuracy-related penalty pursuant to section 6662(a).

## Background

The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in New York City.

During taxable year 2003, petitioner was a third-year law student at the University of Pennsylvania Law School (Penn) in Philadelphia, Pennsylvania. Petitioner transferred to Penn after completing his first year of law school at the University of

---

[1]Petitioner concedes that he failed to report $9 of interest received from Wachovia Bank and that he received a $16,263 taxable distribution from a qualified pension plan, which was not reported on his income tax return.

Oregon School of Law in Eugene, Oregon. Petitioner holds an undergraduate degree from Duke University.

Before attending law school, petitioner worked as a paralegal with the law firm of Cravath, Swaine & Moore, where he participated in the firm's qualified pension plan (QRP).

From December 1, 2002, through July 30, 2003, petitioner resided in Philadelphia, Pennsylvania. Petitioner's monthly rent during this time was $900. Petitioner's expenses during law school were paid from his savings, wages, and public and private loans. The record contains two student loan statements for petitioner; one statement pertains to his enrollment at the University of Oregon School of Law, while another statement relates to his enrollment at Penn.

On April 22, 2003, as he was preparing to graduate from Penn and beginning preparation for the bar exam, petitioner deposited a $13,011 check issued to him from Security Trust Bank, payor, in his checking account. The check represented a net distribution of $16,263 to petitioner from his Cravath, Swaine & Moore QRP minus income tax withheld of $3,252. Petitioner did not include this distribution as income on his 2003 Federal income tax return. On the date of this distribution petitioner was not 59-1/2 years old.

After graduating from law school, petitioner moved to New York City so that he would be able to take a bar preparation course for the California bar exam. In September 2003, petitioner moved from New York City to Palo Alto, California, to work as a securities associate with the law firm of Simpson Thacher & Bartlett (STB). Before starting at STB, petitioner received an advance from STB to cover the costs associated with his move from New York City to Palo Alto.

Petitioner timely filed his 2003 Federal income tax return. Petitioner reported wages, salaries, and tips on his return. His wages of $51,304 were earned from his employment at STB from September through December of 2003.

Respondent received the following third party information for petitioner that was not otherwise reflected on his 2003 income tax return: (1) Interest income on Wachovia Bank accounts of $7 and $9, (2) a pension and annuity payment of $16,263 (with income tax withheld of $3,252), and (3) student loan interest payments of $1,509 paid to Student Financial Assistance and $1,516 paid to Duke University.

Respondent issued to petitioner a notice of deficiency that explained the changes made to his 2003 Federal income tax based on the third-party information. The notice showed that petitioner had understated his income tax on his 2003 return by

$6,564, and explained that the deficiency respondent determined was the result of: (1) Changes to petitioner's adjusted gross income, and (2) an additional tax applied as a result of petitioner's distribution from his qualified retirement plan.

In his "Petition for Redetermination of a Deficiency", petitioner disputed respondent's determination because: (1) He was not responsible for the deficiency, (2) he wanted the Court to give him an opportunity to recalculate and resubmit his 2003 return, (3) the Internal Revenue Service (IRS) had made an error in calculating the deficiency at issue, and (4) he should not be responsible for the IRS's mistake. The petition is devoid of any factual explanation as to why petitioner requested and received the distribution at issue in 2003.

On June 29, 2005, petitioner submitted a Form 9465, Installment Agreement Request, before an assessment was made on his account. On July 5, 2005, petitioner made a payment of $895. Between November 28, 2005, and February 23, 2006, he made three additional payments that totaled $450.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that the burden of proof shall be upon

the taxpayer.  In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 shifts the burden of proof to the Commissioner.  Sec. 7491(a)(1); Rule 142(a)(2).  Petitioner did not argue that section 7491 is applicable, and he did not establish that the burden of proof should shift to respondent.  Petitioner, therefore, bears the burden of proving that respondent's determination in the notice of deficiency is erroneous.  See Rule 142(a); Welch v. Helvering, supra at 115.  With respect to any penalty or addition to tax, however, section 7491(c) places the burden of production on the Commissioner.

With respect to the first issue involved in this case, section 72(t) imposes an additional tax on distributions from a QRP equal to 10 percent of the portion of such amount that is includable in gross income unless the distribution comes within one of several exceptions.  For purposes of the 10-percent additional tax, a QRP includes both a section 401(k) pension plan and an individual retirement account.  See secs. 72(t)(1), 401(a), (k)(1), 4974(c)(1), (4), (5).

Section 72(t)(2) enumerates the exceptions to the 10-percent additional tax for early distributions from QRPs.  There is no economic hardship exception to the 10-percent additional tax

under section 72(t).  The 10-percent additional tax imposed on early distributions from a QRP does not apply, however, to distributions from an individual retirement plan used for higher education expenses to the extent such distributions do not exceed the amount of qualified education expenses of the taxpayer for the taxable year.  Sec. 72(t)(2)(E).

The parties agree that the distribution made to petitioner in 2003 was from a QRP within the meaning of section 401(k). Petitioner, however, argues that he should not be held liable for the 10-percent additional tax on this distribution on the grounds that his request was based on economic hardship, and an exception for such a request exists under section 401(k)(2)(B)(i). Petitioner testified that the costs of his law school education, coupled with the costs associated with his studying for the bar exam, left him with no viable alternative other than to take a premature distribution from his QRP.  Petitioner testified that he used the disbursement to pay school loans, pay credit card bills, and provide for his day-to-day living expenses during the summer of 2003.

Respondent argues that while section 401(k)(2)(B)(i) does provide for hardship distributions from qualified pension plans, that section does not exempt a taxpayer from the 10-percent additional tax that may apply to such a distribution.  At trial,

petitioner admitted that he did not research the tax ramifications that might result from his request for a hardship distribution beyond looking at section 401(k)(2)(B)(i). Petitioner also admitted that he could have overlooked and/or misunderstood the 10-percent additional tax exceptions enumerated in section 72(t)(2).

Upon review of section 72(t)(2), we cannot find any exception that would exempt the distribution made to petitioner in taxable year 2003. Moreover, petitioner admits that his argument that the 10-percent additional tax should not apply is based on a provision pertaining to the request for disbursement and not, as we are concerned with here, the taxation of such a disbursement. Distributions from an individual retirement plan used for higher education expenses of the taxpayer are exempt from the 10-percent additional tax to the extent such distributions do not exceed the qualified higher education expenses of the taxpayer for the taxable year. The qualified higher education expenses exception applies, however, only in the case of a distribution from an individual retirement plan (IRA). Petitioner's QRP is a section 401(k) plan, not an IRA. Therefore, the qualified higher education expenses exception is inapplicable. Because the distribution made to petitioner from

his QRP in 2003 does not fall within any of the 10-percent additional tax exceptions enumerated in section 72(t)(2), we sustain respondent's determination on this issue.

With respect to the accuracy-related penalty, section 6662(a) imposes a 20-percent penalty with respect "to any portion of an underpayment of tax required to be shown on a return". This penalty applies to underpayments attributable to any substantial understatement of income tax. Sec. 6662(a), (b)(2). An "understatement" of income tax is defined as the excess of the tax required to be shown on the return over the tax actually shown on the return. Sec. 6662(d)(2)(A). An understatement is "substantial" if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000. Sec. 6662(d)(1)(A).

Section 6664 provides a defense to the accuracy-related penalty if a taxpayer establishes that there was reasonable cause for any portion of the underpayment and that he acted in good faith with respect to that portion. Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs. Although not defined in the Code, "reasonable cause" is viewed in the regulations as the exercise of ordinary business care and prudence. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case

basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The taxpayer's education, experience, and knowledge are considered in determining reasonable cause and good faith. And, generally, the most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent determined an accuracy-related penalty to be applicable in this case because petitioner understated his income tax by $6,564 on his 2003 income tax return. Because petitioner's understatement of tax was greater than 10 percent of the tax required to be shown on the return, or $5,000, the understatement was deemed a substantial understatement of tax pursuant to section 6662(d)(1)(A)(i) and (ii). Respondent contends that petitioner's failure to report income equaling approximately 35 percent of his adjusted gross income for 2003 shows a lack of reasonable cause and good faith.

Petitioner argues that he should not be held liable for the penalty because: (1) His failure to include the amount received from the distribution was due to his move from New York City to Palo Alto, California, in 2003, which resulted in his failure to receive a Form 1099-MISC for the distribution, and (2) his failure to remember to report the distribution was not

deliberate. As further evidence of his asserted good faith, petitioner testified that he submitted an installment payment request before an assessment was made on his account and that he made four payments totaling $1,345.

Receipt of a Form 1099-MISC is not required to remind a taxpayer of income that must be reported on his or her Federal income tax return. Brunsman v. Commissioner, T.C. Memo. 2003-291. The gross amount of the distribution, $16,263, represented approximately 24 percent of petitioner's total taxable income for 2003. Petitioner's argument that he did not remember this distribution at the time he filed his 2003 return because of the extraordinary demands of his job as an attorney is without merit.

Finally, as respondent correctly argued at trial, petitioner's contention that his attempt to pay off the tax through an installment agreement shows his good faith is irrelevant under these facts and circumstances. What controls here is petitioner's good faith at the time the return was filed, rather than the action he took after he received the notice of deficiency. Sec. 6664(c)(1). Accordingly, we sustain respondent's determination with respect to the accuracy-related penalty under section 6662(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.
